UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOLLIS D. HOUSTON,

    **Plaintiff,**

                              Civil Action 2:15-cv-2447

v.                            Judge James L. Graham
                              Magistrate Judge Elizabeth P. Deavers

**CHAD LESTER,** *et al.,*

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants,[1] alleging violations of his constitutional rights.  The Court granted Plaintiff's Motion to Proceed *in forma pauperis* on July 28, 2015.  (ECF No. 4.)  This matter is currently before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

I.

Plaintiff, an inmate proceeding without counsel, is currently housed at North Central

---

[1] Plaintiff names Chad Lester (Grandview Heights Police Officer), Ron O'Brien (Franklin County Prosecutor), Daniel D. Lenert (Franklin County Prosecutor), Officer Grabb (Whitehall Police Officer), Gary Mohr (Director of the Ohio Department of Rehabilitation & Corrections), Dave Mzrquzrtd, and Neil Turner (Warden) as Defendants in this action.

Correctional Institution.

In his Complaint, Plaintiff alleges that Whitehall Police Officer Grabb and Detective Nelso began an investigation into him on August 23, 2013. (Compl. 4, ECF No. 1.) He alleges that they began racial profiling him, discriminating against him, and setting him up by "laying evidence that did not hold up." *Id.* He asserts that Officer Chad Lester and the Grandview Police Department joined Officer Grabb's and Detective Nelso's quest to discriminate against him and wrongfully restrain his liberty.

Plaintiff further alleges that Assistant Franklin County Prosecutor Daniel Lenert and Franklin County Prosecutor Ron O'Brien joined in the discriminatory acts by giving false information, collecting his DNA, and engaging in judicial misconduct that led to his alleged wrongful detention. Plaintiff further alleges that they denied him access to the Court in violation of his First Amendment rights, denied his Sixth Amendment rights to remain silent[2] and to a fair, speedy trial, and denied his Fourteenth Amendment right to equal protection of the law.

Plaintiff also brings claims related to the conditions of his confinement. He alleges that Defendant Gary Mohr, Director of Ohio Department of Rehabilitation and Corrections ("ODRC"), violates his and other inmates' Eighth Amendment rights by subjecting them to cruel and unusual punishment. Plaintiff alleges that the prison is overcrowded. He also asserts that the kitchens and dining rooms are unsanitary and that the food is unsanitary, containing salmonella and E. coli. He further asserts that the bathrooms are not disinfected weekly with bleach, causing sickness and suffering.

Finally, Plaintiff complains about the prison medical centers. Plaintiff asserts that

---

[2]The Undersigned notes that Plaintiff's right to remain silent is a Fifth Amendment right.

Defendant Dave Marquartd deliberately disregarded a clear risk of harm and killed an inmate. (Compl. 4, ECF No. 1.) He further claims that the doctors and nurses at the prison deny and delay inmates' access to medical care. He alleges that the medical staff unconstitutionally disregards inmates' need for care, resulting in sickness and wrongful deaths.

## II.

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[3] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*     \*     \*
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, §§ 1915(e) and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the

---

[3] Formerly 28 U.S.C. § 1915(d).

action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle*

*Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

## III.

Here, even when accepting all of Plaintiff's allegations as true, Plaintiff has failed to state a claim upon which relief may be granted.

First, with regard to his claims related to Officer Grabb, Detective Nelso, and Officer Lester's investigation, Plaintiff has failed to allege facts from which the Undersigned could reasonably conclude that these Defendants engaged in unconstitutional activity. Plaintiff simply states that these Defendants racial profiled him and "layed" evidence; he does not explain the evidence that was allegedly planted or describe any specific actions on the part of these Defendants that demonstrates any discriminatory intent. Further, to the extent that Plaintiff is challenging his underlying conviction, this civil action is not the appropriate medium for litigating those claims. Any challenge to Plaintiff's underlying state court conviction is barred under the *Heck* doctrine. *See Harper v. Jackson*, 293 F. App'x 389, 391 (6th Cir. 2008) ("In *Heck* [*v. Humphrey,* 512 U.S. 477 (1994)]*,* the Supreme Court held that a plaintiff could not bring a § 1983 action if a favorable judgment "would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus."). The *Heck* doctrine also bars Plaintiff's claim that he was denied his Fifth Amendment right to remain silent, his Sixth Amendment right to a speedy trial, and his Fourteenth Amendment right to equal protection of the law.[4]

---

[4]Further, the Undersigned notes that, regardless, Plaintiff does not state a claim because he does not provide any factual content to demonstrate that he was, in fact, denied these rights.

Additionally, Plaintiff's claims against Defendants Assistant Prosecutor Daniel Linert and Prosecutor Ron O'Brien are barred by prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[A] state prosecuting attorney who act[s] in the scope of his duties . . . in presenting the state's case [is] absolutely immune from civil suit for damages under [Section 1983] for alleged deprivations of constitutional rights."). In this case, Plaintiff does not adequately plead that these Defendants acted outside of the scope of their duties at any time. He only states that they lied, gave false information, collected his DNA, and engaged in judicial misconduct. He fails, however, to provide *any* factual details to support these allegations. Thus, because his claims against these Defendants "tender[] 'naked assertion[s]' devoid of 'further factual enhancement,'" they will not suffice. *Iqbal*, 556 U.S. at 678.

With regard to Plaintiff's claims against Gary Mohr and Defendant Marquardt related to unconstitutional conditions in the prison medical centers, Plaintiff has failed to state a claim. Plaintiff does not allege that he, personally, was ever denied access to medical care or that he ever suffered any other constitutional injury at the hands of prison medical staff. Rather, he states that these Defendants deliberately disregarded the risks of harm to other inmates, leading to sickness and death. Plaintiff lacks standing to assert the rights of others. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("A federal court's jurisdiction [] can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action"); *see also Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008) (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a prisoner "'lacks standing to assert the constitutional rights of other prisoners'")). Accordingly, these claims must be dismissed because Plaintiff lacks standing to bring claims on behalf of other inmates.

To the extent Plaintiff intended to bring an Eighth Amendment claim alleging deliberate indifference to his own serious medical needs, he has failed to state a claim. A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Here, Plaintiff has not alleged facts from which the Court could conclude that Plaintiff has a sufficiently serious medical need or that Defendants failed to treat him despite being aware of a substantial risk of serious harm. Accordingly, Plaintiff has failed to state a claim for deliberate indifference to his serious medical needs.

Finally, Plaintiff makes general complaints about prison conditions, including overcrowding and sanitation concerns. As stated above, Plaintiff lacks standing to bring these claims on behalf of other inmates. Additionally, to the extent he brings these claims on behalf of himself, he has failed to plead sufficient factual allegations to state a claim. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The United States Court of Appeals for the Sixth Circuit has explained as follows with regards to the necessary elements of a conditions-of-confinement claim:

> An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." [*Farmer*, 511 U.S. at 834] (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006). Nevertheless, "[h]arsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). The Supreme Court has found that extreme deprivations are required to state a conditions-of-confinement claim. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992.) Here, although Plaintiff describes undesirable conditions, he does not describe any conditions with sufficient specificity to demonstrate the extreme deprivations required to state an Eighth Amendment claim. He also fails to allege facts from which the Court could plausibly conclude that the Defendants acted with deliberate indifference to inmate health or safety. Plaintiff has therefore failed to state an Eighth Amendment claim related to the conditions of his confinement.

## IV.

For the above-stated reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that

party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 7, 2015                                          /s/ *Elizabeth A. Preston Deavers*
                                                                                                           Elizabeth A. Preston Deavers
                                                                                                           United States Magistrate Judge