```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Hollis D. Houston,

    Plaintiff,

  v.                         Case NO. 2:15-cv-2447

Chad Lester, et al.,

    Defendants.

## ORDER

Plaintiff, a state inmate confined at the North Central Correctional Institution, brought the instant action under 42 U.S.C. §1983, against several defendants associated with the Ohio Department of Rehabilitation and Correction ("the Department"), contending that his constitutional rights were violated due to various alleged conditions at the institution and prison medical centers. Plaintiff also asserted claims against officers of the Whitehall and Grandview Police Departments, Franklin County Prosecutor Ron O'Brien, and Assistant Franklin County Prosecutor Daniel Lenert.

The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2) to identify cognizable claims and to recommend dismissal of any claims which were frivolous, malicious, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. On August 7, 2015, the magistrate judge issued a report and recommendation concluding: 1) that the claims against the police officers and prosecutors failed to allege facts sufficient to indicate unconstitutional activity and were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); 2) that the

claims against the prosecutors were barred by the doctrine of prosecutorial immunity; 3) that plaintiff's claims against the Department officials concerning the prison medical centers failed to state a claim for relief, as plaintiff failed to plead that he was denied adequate medical care and had no standing to assert such claims on behalf of other inmates; and 4) that plaintiff made only general complaints about prison conditions and failed to plead sufficient facts regarding his own confinement to sustain an Eighth Amendment claim. Doc. 9, pp. 5-8. The magistrate judge recommended that plaintiff's complaint be dismissed for failure to state a claim for which relief could be granted.

The report and recommendation specifically advised plaintiff that objections to the report and recommendation were due within fourteen days, and that the failure to object to the report and recommendation "will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court." Doc. 9, p. 9. The time period for filing objections to the report and recommendation has expired, and no objections to the report and recommendation have been filed.

Accordingly, the court adopts the report and recommendation (Doc. 9). The complaint is dismissed pursuant to 28 U.S.C. §1915(e) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

Date: September 1, 2015        _____s/James L. Graham_____
                               James L. Graham
                               United States District Judge

2